# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | |
|---|---|
| IN RE CELEBREX (CELECOXIB) ANTITRUST LITIGATION<br><br><br>This document relates to:<br><br>End-Payor Actions | Lead Case No. 14-cv-395 |

## PFIZER'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS END-PAYOR PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ......................................................................................................1

FACTUAL BACKGROUND .....................................................................................3

STANDARD OF REVIEW ........................................................................................3

ARGUMENT ..............................................................................................................4

I.     EPPS' CLAIMS FAIL FOR THE SAME REASONS THAT DPPS' CLAIMS FAIL, INCLUDING FAILURE TO PLAUSIBLY ALLEGE *WALKER PROCESS* FRAUD, SHAM LITIGATION, OR AN UNLAWFUL SETTLEMENT .........................4

II.    EPPS' STATE LAW CLAIMS MUST BE DISMISSED BECAUSE THEY ARE PREEMPTED BY FEDERAL PATENT LAW .................................................5

III.   EPPS LACK STANDING TO ASSERT STATE LAW CLAIMS ...................................8

      A.     EPPs Lack Article III Standing to Assert Claims Under the Laws of 31 Jurisdictions in which They Have Not Alleged Injury ............................8

      B.     EPPs Lack Standing to Assert Antitrust Claims in Four *Illinois Brick* States ................................................................................................11

      C.     EPPs Lack Standing Under *Illinois Brick* to Assert Claims Under the Massachusetts Consumer Protection Act................................................14

      D.     EPPs Cannot Circumvent *Illinois Brick* by Asserting Antitrust Claims under Unjust Enrichment Theories of 23 States and Puerto Rico .........................15

IV.   EPPS' STATE LAW ANTITRUST CLAIMS MUST BE DISMISSED FOR ADDITIONAL REASONS ...........................................................................17

      A.     EPPs Cannot Allege Primarily Intrastate Conduct as Required in Five Jurisdictions ........................................................................................17

      B.     EPPs Fail to State a Claim Under California, New York and Tennessee Statutes That Prohibit Only Concerted Action ......................................19

      C.     EPPs Fail to Plead Facts Plausibly Suggesting a Cognizable Future Injury as Required for Injunctive Relief Claims under the Sherman Act.........................20

V.    EPPS' CAUSES OF ACTION UNDER STATE CONSUMER PROTECTION LAWS MUST ALSO BE DISMISSED ...........................................................21

      A.     EPPs' California Unfair Competition Law Claim Fails .........................21

      B.     EPPs' Massachusetts Consumer Protection Act Claim Fails ................22

      C.     EPPs' Vermont Consumer Fraud Act Claim Fails ................................22

VI.   EPPS' UNJUST ENRICHMENT CLAIMS MUST BE DISMISSED..............................23

      A.     EPPs' Unjust Enrichment Claims Fail on Certain Threshold Grounds .................23

1.    Unjust Enrichment, an Equitable Remedy, Is Unavailable when an Adequate Remedy at Law Exists, and Is Not a Means to Avoid the Requirements of EPPs' Antitrust Claims.....................................................23

2.    Where EPPs Cannot Assert Antitrust Claims, Their Unjust Enrichment Claims Also Must Be Dismissed...........................................24

3.    Where EPPs Cannot Provide Any Basis On Which Defendants Have Been Unjustly Enriched, Unjust Enrichment Claims Fail...............24

4.    Several States Invoked by EPPs Have Expressly Held That They Do Not Recognize Unjust Enrichment Claims As an Independent Cause of Action............................................................................................25

B.    EPPs' Undifferentiated Assertion of Unjust Enrichment Claims Entirely Fails........................................................................................................................26

C.    EPPs Fail to Allege the Quasi-Contractual Relationship Fundamental to an Unjust Enrichment Claim .......................................................................................27

1.    EPPs Fail to Allege Privity Or Something Approaching It In Those States That Require It.................................................................................28

2.    EPPs Fail to Allege a Relationship with Defendants Leading to a Direct Benefit, Which is Required in at least 23 States and the District of Columbia ................................................................................31

# TABLE OF AUTHORITIES

## CASES

*A & M Supply Co. v. Microsoft Corp.*, No. 274164, 2008 WL 540883 (Mich. Ct. App. Feb. 28, 2008) ................................................................................................................................32

*Abbott Labs. v. Brennan*, 952 F.2d 1346 (Fed. Cir. 1991) .............................................................5, 6

*Alessi v. Bowen Ct. Condo. Assoc.*, No. 03-0235, 2010 R.I. Super. LEXIS 50 (R.I. Mar. 10, 2010) ................................................................................................................................33

*Allen v. Wright*, 468 U.S. 737 (1984) ................................................................................................8

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ..................................................................11

*Anwar v. Fairfield Greenwich Ltd.*, 826 F. Supp. 2d 578 (S.D.N.Y. 2011) ...................................23

*Apache Corp. v. MDU Res. Grp., Inc.*, 603 N.W.2d 891 (N.D. 1999) ...........................................33

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................................4, 27

*Avanzo v. R.I. Dep't of Human Servs.*, 625 A.2d 208 (R.I. 1993) ..................................................13

*Baker Constr. Co. v. City of Burlington*, No. COA09-13, 2009 WL 3350747 (N.C. Ct. App. Oct. 20, 2009) ..........................................................................................................................33

*Bassi & Bellotti S.p.A. v. Transcon. Granite, Inc.*, No. DKC 08-1309, 2011 WL 856366 (D. Md. Mar. 9, 2011) ......................................................................................................................32

*Baxter Int'l, Inc. v. Morris*, 976 F.2d 1189 (8th Cir. 1992) ...........................................................20

*Beco Constr. Co. v. Bannock Paving Co.*, 797 P.2d 863 (Idaho 1990) ...................................29, 32

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................3, 4

*Berry v. Bryan Cave LLP*, No. 3:08-cv-2035-B, 2010 WL 1904885 (N.D. Tex. May 11, 2010) ....25

*Blum v. Yaretsky*, 457 U.S. 991 (1982) ............................................................................................9

*Boyce v. Freeman*, 39 P.3d 1062 (Wyo. 2002) ..............................................................................33

*Brenner v. Future Graphics, LLC*, 258 F.R.D. 561 (N.D. Ga. 2007) ............................................32

*Bruton v. Gerber Prods. Co.*, 961 F. Supp. 2d 1062 (N.D. Cal. 2013) ..........................................25

*California v. Infineon Tech.*, 531 F. Supp. 2d 1124 (N.D. Cal. 2007)............................................18

*Camp Creek Hospitality Inns, Inc. v. Sheraton Franchise Corp., ITT*, 139 F.3d 1396 (11th Cir. 1998) ................................................................................................................................18

*Cardiovention, Inc. v. Medtronic, Inc.*, 430 F. Supp. 2d 933 (D. Minn. 2006) ...............................7

*Carmona v. Spanish Broad. Sys., Inc.*, No. 08 Civ. 4475(LAK), 2009 WL 890054 (S.D.N.Y. Mar. 30, 2009)...................................................................................................................30

*Casstevens v. Smith*, 269 S.W.3d 222 (Tex. App. 2008) ...................................................................27

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181 (2d Cir. 2005)...................................................................................................9

*Ciardi v. F. Hoffman La Roche, Ltd.*, 762 N.E.2d 303 (Mass. 2002)...............................................15

*City of Pontiac v. Blue Cross Blue Shield of Mich.*, No. 11-10276, 2012 WL 1079885 (E.D. Mich. Mar. 30, 2012) ......................................................................................................32

*Coastal Masonry, Inc. v. Reliance Ins. Co.*, 297 B.R. 34 (E.D. Va. 2003) ...............................23, 24

*Cole v. Chevron USA, Inc.*, 554 F. Supp. 2d 655 (S.D. Miss. 2007)................................................26

*Coleman v. Conseco, Inc.*, 238 F. Supp. 2d 804 (S.D. Miss. 2002) ................................................26

*Commonwealth Elec. Inspection Servs. v. Town of Clarence*, 776 N.Y.S.2d 687 (N.Y. App. Div. 2004) ...................................................................................................................................19

*Concrete Prods. Co. v. Salt Lake Co.*, 734 P.2d 910 (Utah 1987)...................................................33

*Cont'l Ins. Co. v. Bahman*, 216 F.3d 150 (1st Cir. 2000)................................................................14

*Cook & Co. v. Matrix Risk Mgmt. Servs. LLC*, No. 09-cv-10976-NG, 2011 WL 241966 (D. Mass. Jan. 24, 2011) ...........................................................................................................14

*Cornelius v. Fidelity Nat'l Title Co.*, No. C08-754-MJP, 2009 WL 596585 (W.D. Wash. Mar. 9, 2009) ...................................................................................................................................10

*Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777 (N.Y. 2012) ...........................................................27

*Crosby v. Crosby*, 769 F. Supp. 197 (D. Md. 1991) .......................................................................32

*Daiichi Sankyo, Inc. v. Apotex, Inc.*, No. 030937, 2009 WL 1437815 (D.N.J. May 19, 2009) ........7

*Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332 (2006)....................................................................9

*Danny Lynn Elec. & Plumbing, LLC v. Veolia ES Solid Waste Se., Inc.*, No. 2:09-cv-192-MHT, 2011 WL 2893629 (M.D. Ala. July 19, 2011).......................................................................31

*Davidson v. Microsoft Corp.*, 792 A.2d 336 (Md. Ct. Spec. App. 2002) .........................................17

*Davis v. Fed. Election Comm'n*, 554 U.S. 724 (2008) ......................................................................8

*Davis v. Pac. Bell*, 204 F. Supp. 2d 1236 (N.D. Cal. 2002) ...........................................................19

*Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350 (2010)..........................................................25

*Durell v. Sharp Healthcare Int'l.*, 108 Cal. Rptr. 3d 682 (Cal. Ct. App. 2010) ..............................21

*Easter v. Am. W. Fin.*, 381 F.3d 948 (9th Cir. 2004) ......................................................................11

*Effler v. Pyles*, 380 S.E.2d 149 (N.C. Ct. App. 1989) .....................................................................33

*Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. Dist. Ct. App. 2009) ...................................................................................................................32

*Fasching v. Kallinger*, 510 A.2d 694 (N.J. Super. Ct. App. Div. 1986)...........................32

*Fishman Transducers, Inc. v. Paul*, 684 F.3d 187 (1st Cir. 2012) ...................................18

*Freeman Indus. v. Eastman Chem. Co.*, 172 S.W.3d 512 (Tenn. 2005) ..........................18

*FTC v. Actavis*, 133 S. Ct. 2223 (2013) .............................................................................5

*FTC v. Mylan Labs., Inc.*, 62 F. Supp. 2d 25 (D.D.C. 1999)............................................17

*GFI, Inc. v. Bean Station Furniture*, 286 F. Supp. 2d 663 (M.D.N.C. 2003)....................7

*Glenwood Farms, Inc. v. Ivey*, 228 F.R.D. 47 (D. Me. 2005) ..........................................32

*H Quotient, Inc. v. Knight Trading Grp., Inc.*, No. 03 Civ. 5889(DAB), 2005 WL 323750 (S.D.N.Y. Feb. 9, 2005) ..............................................................................................18

*Hall v. Time Inc.*, 70 Cal. Rptr. 3d 466 (Cal. Ct. App. 2008) ..........................................21

*Hayden Lake Fire Prot. Dist. v. Alcorn*, 111 P.3d 73 (Idaho 2005)...........................29, 32

*Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 910 P.2d 839 (Kan. 1996)...............29, 32

*Hoffman v. Nordic Naturals, Inc.,* No. 12-CV-05870 SDW MCA, 2014 WL 1515602 (D.N.J. Apr. 17, 2014) ..........................................................................................................32

*Hydro-Mfg., Inc. v. Kayser-Roth*, 640 A.2d 950 (R.I. 1994).....................................12, 13

*IB Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779 (Cal. Ct. App. 2003).........25

*Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) ......................................................2, 11

*In re Aftermarket Filters Antitrust Litig.*, No. 08 C 4883, 2010 WL 1416259 (N.D. Ill. Apr. 1, 2010) ......................................................................................................................33

*In re Aluminum Warehousing Antitrust Litig.*, No. 13-md-2481, 2014 WL 4277510 (S.D.N.Y. Aug. 29, 2014) ..........................................................................................................4

*In re Automotive Parts Antitrust Litig.*, No. 12-cv-00102, 2013 WL 2456612 (E.D. Mich. June 6, 2013) ......................................................................................................................15

*In re Bacx Corp.*, No. 96-59066-JFS, 1999 WL 33955337 (D. Md. Sept. 8, 1999).........................32

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5944 SC, 2010 WL 9543295 (N.D. Cal. Feb. 5, 2010) ............................................................................................................13

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-05944, 2014 WL 1088256 (N.D. Cal. March 13, 2014).......................................................................................................15

*In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 363 F. Supp. 2d 514 (E.D.N.Y. 2005) ..............7

*In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09-CR-3690, 2013 WL 4506000 (N.D. Ill. Aug. 23, 2013).............................................................................................10

*In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198 (S.D.N.Y. 2012).........12, 18

*In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098 (N.D. Cal. 2007)..............................10, 19

*In re Ductile Iron Pipe Fittings (DIPF) Indirect Purchaser Antitrust Litig.* ("*DIPF*"), No. 12-169, 2013 WL 5503308 (D.N.J. Oct. 2, 2013)................................................................10, 11, 26

*In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524 (E.D. Pa. 2010) ........................................17, 22

*In re Ford Tailgate Litig.*
No. 11-cv-2953-RS, 2014 WL 1007066 (N.D. Cal. Mar. 12, 2014) ....................................21, 22

*In re iPhone 4S Consumer Litig.*
No. C12-1127, 2013 WL 3829653 (N.D. Cal. July 23, 2013)...............................................21, 25

*In re K-Dur Antitrust Litig.*, No. 01-1652 (JAG), 2007 WL 5297755 (D.N.J. Mar. 1, 2007)........6, 7

*In re K-Dur Antitrust Litig.*
No. 01-1652 (JAG), 2008 WL 2660780 (D.N.J. Feb. 28, 2008) ..........................................16, 17

*In re Microsoft Corp. Antitrust Litig.*, 401 F. Supp. 2d 461 (D. Md. 2005) .........................17, 30, 33

*In re Microsoft Corp. Antitrust Litig.*, No. JFM-03-741-48, 2003 WL 22070561 (D. Md. Aug. 22, 2003) ..............................................................................................................................18

*In re New Motor Vehicles Canadian Export Antitrust Litig.*, 350 F. Supp. 2d 160 (D. Me. 2004) ("*NMV*")..............................................................................................................................16, 17

*In re Niaspan Antitrust Litig.*, 2014 WL 4403848 (E.D. Pa. Sept. 5, 2014)............................ passim

*In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907 (N.D. Ill. 2009)......................................10, 31, 32

*In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2012 WL 2917365 (E.D. Mich. July 17, 2012) ................................................................................................................10

*In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2013 WL 1431756 (E.D. Mich. April 9, 2013) ............................................................................................................ passim

*In re Relafen Antitrust Litig.*, 225 F.R.D. 14 (D. Mass. 2004) ............................................13, 17, 33

*In re Rezulin Prods. Liab. Litig.*, 390 F. Supp. 2d 319 (S.D.N.Y. 2005) .........................................32

*In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819 CW, 2010 WL 5094289 (N.D. Cal. Dec. 8, 2010) ......................................................................................29

*In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, No. 2:13-02445, 2014 WL 6792663 (E.D. Pa. Dec. 3, 2014)..................................................................12, 15, 22

*In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365 (S.D. Fla. 2001)..................11

*In re TFT-LCD (Flat Panel) Antitrust Litig,* 599 F. Supp. 2d 1179 (N.D. Cal. 2009) ...............17, 33

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. 07-1827-SI, 09-5609-SI, 2010 WL 2629728 (N.D. Cal. June 29, 2010) ..................................................................................................10

*In re Tobacco II Cases*, 207 P.3d 20 (Cal. 2009) ............................................................21

*In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143 (E.D. Pa. 2009)...........................9, 26

*In re Wellbutrin XL Antitrust Litig.*, 756 F. Supp. 2d 670 (E.D. Pa. 2010) .....................12

*Johnson v. Ross*, 419 F. App'x 357 (4th Cir. 2011)........................................................33

*Kaveny v. Town of Cumberland Zoning Bd. of Review*, 875 A.2d 1 (R.I. 2005)..............13

*Keil v. Scholten*, No. 48051-1-I, 2002 WL 988562 (Wash. Ct. App. Feb. 4, 2002).......33

*Kelly v. Levandoski*, 825 N.E. 2d 850 (Ind. Ct. App. 2005) ..........................................27

*Levinson v. Mass. Mut. Life Ins. Co.*, No. 06-cv-086, 2006 WL 3337419 (E.D. Va. 2006) ............23

*Lewis v. Casey*, 518 U.S. 343 (1996).............................................................................8, 9

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ......................................................8

*Mack v. Bristol-Myers Squibb Co.*, 673 So. 2d 100 (Fla. Dist. Ct. App. 1996).............11

*Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59 (2d Cir. 2012)..............................................11

*Martell v. Turcheck*, No. 2:07-cv-14068, 2008 WL 2714210 (E.D. Mich. July 7, 2008) ..............32

*Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920 ......................................25, 29

*Medina v. Safe-Guard Prods. Int'l Inc.*, 78 Cal. Rptr. 3d 672 (Cal. Ct. App. 2008).......21

*Miller v. Pac. Shore Funding*, 287 B.R. 47 (D. Md. 2002) ............................................11

*Minebea Co., v. Papst*, 444 F. Supp. 2d 68 (D.D.C. 2006) ...........................................31

*Mississippi ex rel. Hood v. AU Optronics Corp.*, 876 F. Supp. 2d 758 (S.D. Miss. 2012) .............18

*Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*, 532 S.E.2d 868 (S.C. 2000)..............33

*New Dimension Dev., Inc. v. Orchard, Hiltz & McCliment, Inc.*, No. 262565, 2005 WL 2806234 (Mich. Ct. App. Oct. 27, 2005) ..................................................................................32

*Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059 (Fed. Cir. 1998) ..............6

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) ..........................................................11

*Pitts v. Jackson Nat'l Life Ins. Co.*, 574 S.E.2d 502 (S.C. Ct. App. 2002)..................30, 33

*Pomerantz v. Microsoft Corp.*, 50 P.3d 929 (Colo. App. 2002) (Colorado)....................17

*R & B Elec. Co. v. Amco Constr. Co.*, 471 A.2d 1351 (R.I. 1984)..................................33

*Reading Int'l, Inc. v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301 (S.D.N.Y. 2003) .............30

*Ritter, Laber & Assocs., Inc. v. Koch Oil, Inc.*, 680 N.W.2d 634 (N.D. 2004) ................33

*Rivers v. Amato*, No. CIV. A. CV-00-131, 2001 WL 1736498 (Me. Super. Ct. Jun. 22, 2001) ......32

*Rodi v. S. New England Sch. of Law*, 389 F.3d 5 (1st Cir. 2004) ....................................................22

*Scott v. Mamari Corp.*, 530 S.E.2d 208 (Ga. Ct. App. 2000) ..........................................................32

*Semiconductor Energy Lab Co. v. Samsung Elec. Co.*, 204 F.3d 1368 (Fed. Cir. 2000) ..................5

*Shaw v. BAC Home Loans Servicing, LP*, No. 10-11021-DJC, 2013 WL 789195 (D. Mass. Mar. 1, 2013) ........................................................................................................................................22

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 263 F.R.D. 205 (E.D. Pa. 2009)......................................................................................................................30

*Sheet Metal Workers Local 441 Health & Welfare Plan v. Glaxosmithkline, PLC*, 737 F. Supp. 2d 380 (E.D. Pa. 2010)............................................................................................................ passim

*Siena v. Microsoft Corp.*, 796 A.2d 461 (R.I. 2002)......................................................................17

*Sign-A-Way, Inc. v. Mechtronics Corp.*
No. 98-1491, 2000 WL 353151 (Fed. Cir. Apr. 5, 2000) ...........................................................6

*Sperry v. Crompton Corp.*, 26 A.D.3d 488 (N.Y. App. Div. 2006)...............................................33

*Spires v. Hosp. Corp. of Am.*, 289 F. App'x 269 (10th Cir. 2008) .................................................32

*Spring v. Geriatric Auth. of Holyoke*, 475 N.E.2d 727 (Mass. 1985)...........................................22

*Standard Oil Co. of Ky. v. State ex rel. Att'y Gen.*, 65 So. 468 (Miss. 1914)..................................18

*State v. Am. Tobacco Co.*, 14 F. Supp. 2d 956 (E.D. Tex. 1997) ....................................................33

*State v. Daicel Chem. Indus., Ltd.*, 840 N.Y.S.2d 8 (N.Y. App. Div. 2007) ..................................33

*State v. Int'l Collection Serv.*, 594 A.2d 426 (Vt. 1991)...............................................................23

*Stutzle v. Rhonepoulenc S.A.*
No. 002768, 2003 WL 22250424 (Pa. Ct. Com. Pl. Sept. 26, 2003)..................................16, 33

*Sun Dun, Inc. of Wash. v. Coca-Cola Co.*, 740 F. Supp. 381 (D. Md. 1990), *enforced*, 770 F. Supp. 285 (D. Md. 1991) ...........................................................................................................18

*Taylor Woodrow Blitman Constr. Corp. v. Southfields Gardens Co.*, 534 F. Supp. 340 (D. Mass. 1982) ........................................................................................................................................32

*Temple v. Circuit City Stores, Inc.*, No. 06-CV-5303(JG), 06 CV 5304(JG), 2007 WL 2790154 (E.D.N.Y. Sept. 25, 2007)........................................................................................................10

*Thimjon Farms P'ship v. First Int'l Bank & Trust*, 837 N.W.2d 327 (N.D. 2013) ........................27

*Union Tel. Co. v. Qwest Corp.*, 495 F.3d 1187 (10th Cir. 2007)...................................................27

*United Food & Commercial Workers Local 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, No. 14-MD-02521-WHO, 2014 WL 6465235 (N.D. Cal. Nov. 17, 2014) ................................................................................................... passim

*VanMarter v. Royal Indem. Co.*, 556 A.2d 41 (R.I. 1989) ............................................... 12

*Walters v. MedSouth Record Mgmt., LLC*, 38 So. 3d 245, 246 (La. 2010) ..................... 23

*Warth v. Seldin*, 422 U.S. 490 (1975) ............................................................................. 8

*Whitfield v. John Bourne Co.*, 16 F. App'x 116 (4th Cir. Jan. 26, 2001) ....................... 20

*Winer Family Trust v. Queen*, 503 F.3d 319 (3d Cir. 2007) ........................................... 11

*Wright v. Cangiano*, No. 15084, 1993 WL 946172 (Va. July 20, 1993) ........................ 23

*Zaycer v. Sturm Foods, Inc.*, 896 F. Supp. 2d 399 (D. Md. 2012) ............................. 9, 11

## STATUTES AND RULES

740 Ill. Comp. Stat. § 10/7(2) ......................................................................................... 12

2013 R.I. Pub. Laws, Chapter 365, § 2 ........................................................................... 13

Cal. Bus. & Prof. Code § 16720 .................................................................................... 19

Cal. Bus. & Prof. Code § 17204 .................................................................................... 21

Cal. Bus. & Prof. Code § 17209 ............................................................................... 21, 22

D.C. Code § 28-4502 .................................................................................................... 18

Mass. Gen. Laws Chapter 93A .......................................................................... 14, 22, 18

Miss. Code Ann. § 75-21-21 .......................................................................................... 18

N.Y. Gen. Bus. Law § 340 ........................................................................................ 18, 19

R.I. Gen. Laws § 6-36-7 ................................................................................................ 12

Tenn. Code Ann. § 47-25-101 ................................................................................... 18, 19

Utah Code Ann. § 76-10-3109 ....................................................................................... 12

Vt. Stat. Ann. Title 9 § 2461 .......................................................................................... 23

## MISCELLANEOUS

Fed. R. Civ. P. 12 ............................................................................................................ 3

## INTRODUCTION

Like the Direct Purchaser Plaintiffs ("DPPs"), End-Payor Plaintiffs ("EPPs") seek to turn the issues raised in the patent infringement suit over generic versions of Celebrex® into a treble damages antitrust class action by labeling as "fraud" Pfizer's actions before the Patent and Trademark Office ("PTO").  EPPs allege that Pfizer fraudulently procured U.S. Reissue Patent No. RE 44,048 ("the RE '048 patent"), engaged in sham litigation to enforce the patent, and settled the litigation in order to delay generic entry for Celebrex®.  Because the purported factual predicates for EPPs' claims are exactly the same as those set forth in DPPs' complaint,[1] EPPs' claims must fail for the reasons fully explained in Pfizer's Memorandum in Support of Motion to Dismiss Plaintiffs' Corrected Consolidated Amended Class Action Complaint ("DPP Motion").[2]

In addition to making virtually identical factual allegations to those of DPPs, EPPs purport to assert, on behalf of all indirect purchasers of Celebrex®, 78 claims superficially invoking the state antitrust, consumer protection and unjust enrichment laws of 48 states, the District of Columbia and Puerto Rico.  All of EPPs' claims should be dismissed for multiple reasons.  EPPs' state claims should be dismissed for failure to meet the specific strictures of the state laws asserted.  For the Court's convenience, Defendants attach tables relating to EPPs' state law and common law claims.  The first table summarizes the states involved in the claims asserted in the EPP Complaint (*see* Attachment 1); the remaining tables provide an overview of claims to which each of Defendants' arguments applies (*see* Attachments 2-5).  While EPPs' state law claims are subject to dismissal on the grounds raised in the DPP Motion, those claims

---

[1] *See* Corrected Consol. Am. Class Action Compl., *In Re: Celebrex (Celecoxib) Antitrust Litig.*, Civil Action No. 2:14-cv-00361 (Sept. 8, 2014), ECF Nos. 41-1, 63.

[2] *In Re: Celebrex (Celecoxib) Antitrust Litig.*, Civil Action No. 2:14-cv-00361 (Oct. 20, 2014), ECF No. 46.

are also subject to dismissal for the following independent reasons.

*First*, EPPs' claims are preempted by federal patent law because they require resolution of substantial questions of federal patent law.

*Second*, EPPs lack (a) Article III standing to assert claims in 31 jurisdictions because they fail to allege injury in these states and (b) lack standing in states that have adopted a bar on indirect purchaser claims under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

*Third*, EPPs' antitrust claims fail because (a) EPPs fail to allege primarily intrastate conduct as required by the antitrust statutes of Mississippi, New York, Tennessee, and the District of Columbia, and the consumer protection statute of Massachusetts, and (b) EPPs fail to allege concerted action as required in California, New York, and Tennessee.  Finally, EPPs' federal antitrust claim, which seeks injunctive relief, fails because EPPs identify no cognizable future injury.

*Fourth*, EPPs' consumer protection claims similarly fail to meet the strictures of the various state laws, including because the statutes at issue (a) require deceptive conduct towards consumers not alleged here, (b) reach only conduct occurring primarily within the state, or (c) impose pre-pleading requirements.

*Fifth*, EPPs' unjust enrichment claims asserted under the laws of the District of Columbia, Puerto Rico, and 48 states should be dismissed because (a) EPPs fail to distinguish between each state's unjust enrichment laws, (b) unjust enrichment claims cannot be used as a "stop gap" in the absence of any cognizable antitrust or consumer protection claims, (c) EPPs have failed to allege the lack of an adequate remedy at law, (d) certain states do not recognize such a cause of action for unjust enrichment, (e) several states require the pleading of a direct benefit to the plaintiff, and (f) EPPs cannot bring unjust enrichment claims as an end-run around

*Illinois Brick*.

EPPs' Complaint, therefore, is subject to dismissal in its entirety, with prejudice, on multiple grounds.

## FACTUAL BACKGROUND

The EPP Complaint is asserted on behalf of a putative class of purported indirect purchasers of Celebrex® in 48 states, the District of Columbia, and Puerto Rico.  Consol. Am. Compl. ¶¶ 8-17, 266, No. 2:14-cv-00395 (E.D. Va. Jan. 14, 2015), ECF No. 26 ("EPP Compl." or "Complaint").  EPPs are employee welfare benefit plans and one individual who claim to have purchased Celebrex® at supra-competitive prices and have been injured.  EPP Compl. ¶¶ 8-17, 255.  EPPs claim they indirectly purchased, paid for, or reimbursed some or all of the purchase price of Celebrex®.  *Id.*

EPPs seek declaratory and injunctive relief under Section 2 of the federal Sherman Act. EPP Compl. ¶¶ 293-96.  EPPs also purport to assert claims for damages under (1) the state antitrust laws of 25 states and the District of Columbia, *id.* ¶¶ 276-82; and (2) the common law of unjust enrichment of the District of Columbia, Puerto Rico, and 48 states, *id.* ¶¶ 283-92.

## STANDARD OF REVIEW

This motion is brought under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Antitrust complaints that fail to state a claim plausibly must be dismissed at the outset.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (courts should expose deficiencies "at the point of minimum expenditure of time and money by the parties and the court") (internal quotation and citation omitted).[3]  In assessing whether a plaintiff has alleged sufficient facts to make a case plausible, a court must consider "context" and "draw on its

---

[3] The standard of review is more fully set forth in the Standard of Review Section of the DPP Motion.  Defendants incorporate that discussion by reference here.

judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Naked

assertion[s]," "threadbare recitals of the elements of a cause of action," or "mere conclusory

statements" are insufficient to survive dismissal. *Id.* at 678.

In this case, where a putative class has cobbled together a myriad of claims – many of

which are factually and legally flawed – the Court's gatekeeper function is particularly

important; the dismissal of all or many of the claims at issue as a matter of law at this juncture

will eliminate or streamline costly discovery and pretrial efforts and free up scarce judicial

resources for this or other matters. *See Twombly*, 550 U.S. at 558 ("[A] district court must retain

the power to insist upon some specificity in pleading before allowing a potentially massive

factual controversy to proceed.") (internal quotation and citation omitted); *In re Aluminum*

*Warehousing Antitrust Litig.*, No. 13-md-2481, 2014 WL 4277510, at *38 (S.D.N.Y. Aug. 29,

2014) (indirect purchasers should not be permitted to list a "large array of statutory claims" and

then require "the Court and the defendants . . . to determine how and why the alleged conduct

violated a particular statute," as such generalized allegations fail "to meet even the basic

requirements of Rule 8").

## ARGUMENT

## I. EPPS' CLAIMS FAIL FOR THE SAME REASONS THAT DPPS' CLAIMS FAIL, INCLUDING FAILURE TO PLAUSIBLY ALLEGE *WALKER PROCESS* FRAUD, SHAM LITIGATION, OR AN UNLAWFUL SETTLEMENT

EPPs' federal and state[4] claims fail for all of the same reasons that DPPs' claims fail.

First, like DPPs, EPPs also fail plausibly to allege *Walker Process* fraud. DPP Motion at 18-34.

Second, EPPs fail to allege that Pfizer engaged in sham litigation because they cannot show that

---

[4] Virtually every state law invoked by EPPs either provides expressly that it should be interpreted harmoniously with federal law, or has been so construed by courts. *See, e.g.*, Attachment 6.

the assertion of the RE '048 patent was objectively baseless.  DPP Motion, at 20-36.  Third, to

the extent EPPs purport to challenge the legality of the settlement agreements between Pfizer and

Teva, Mylan and Watson (now Actavis), any such challenge fails under the Supreme Court's

decision in *FTC v. Actavis*, 133 S. Ct. 2223 (2013) because EPPs make no allegations that the

settlement involved (1) "large and unjustified" (2) "payments" to the generics.  *See* DPP Motion

at 37-40; *see also* Opp'n to Defs' Mot. to Dismiss, Case No. 2:14-cv-00361-AWA, at 38 (Nov.

12, 2014), ECF No. 51 ("The [DPPs] do not allege that the *Teva II* settlements are independently

actionable as a standalone antitrust violation.").   In short, EPPs challenge exactly the same

conduct, in almost verbatim terms, as DPPs, and their Sherman Act injunctive and state law

damages claims must be dismissed for the reasons set forth in the DPP Motion.  Rather than

repeat them, Defendants adopt and incorporate those grounds for dismissal here.

## II.   EPPS' STATE LAW CLAIMS MUST BE DISMISSED BECAUSE THEY ARE PREEMPTED BY FEDERAL PATENT LAW

It is well-settled black letter law that EPPs' state law claims, which are based on actions

before the PTO, are preempted.  Where a purported state law claim arises from "unsavory

conduct of parties to proceedings in the [PTO]," it is preempted by federal patent law.  *Abbott*

*Labs. v. Brennan*, 952 F.2d 1346, 1355 (Fed. Cir. 1991).  In *Abbott*, the plaintiff sought to bring

a state law abuse of process claim regarding the defendant's conduct before the PTO, but the

Federal Circuit held that "[a]n additional state action would be an inappropriate collateral

intrusion on the regulatory procedures of the PTO, 'under the guise of a complaint sounding in

tort' . . . and is contrary to Congress' preemptive regulation in the area of patent law."  *Id.* at

1357 (internal citation omitted); *see also, e.g.*, *Semiconductor Energy Lab Co. v. Samsung Elec.*

*Co.*, 204 F.3d 1368, 1382 (Fed. Cir. 2000) (inequitable conduct could not be the basis for state

RICO claims because "[a]n additional state cause of action predicated so squarely on the acts of

inequitable conduct would be contrary to Congress' preemptive regulation in the area of patent law."); *Sign-A-Way, Inc. v. Mechtronics Corp.*, No. 98-1491, 2000 WL 353151, at *4 (Fed. Cir. Apr. 5, 2000) (state law breach of contract claim arising from misconduct before the PTO preempted by patent law); *In re K-Dur Antitrust Litig.*, No. 01-1652, 2007 WL 5297755, at *23 (D.N.J. Mar. 1, 2007) (state law antitrust and consumer protection claims arising from alleged fraud before the PTO preempted).

Like the plaintiff in *Abbott*, who attempted to use state tort theories to attack a patent's validity, EPPs here seek to challenge the RE '048 patent through a variety of state law theories. The factual predicate for all of EPPs' state law claims is that the RE '048 patent was procured by fraud on the PTO. EPP Compl. ¶¶ 134-254; 279. To prevail on any of their state law claims, therefore, EPPs must show that the patent is unenforceable under the federal patent laws. Such a determination requires a detailed inquiry into the "conduct of parties to proceedings in the [PTO]," and would be an inappropriate intrusion into a federally-regulated area. *See, e.g.*, *Abbott*, 952 F.2d at 1355; *K-Dur*, 2007 WL 5297755, at *23-24. A claim based on fraud on the PTO, such as the one EPPs assert here, requires proving, among other things, "but for" materiality – *i.e.*, that the patent would not have issued absent the alleged fraud. *See, e.g.*, *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1070-71 (Fed. Cir. 1998). This standard depends entirely on patent law.

Similarly, EPPs' claim that Pfizer's enforcement of the RE '048 patent was a "sham" requires EPPs to show that no reasonable litigant would have expected a court to find the patent valid or enforceable because the RE '048 patent should never have been reissued by the PTO, an enquiry that also necessarily raises substantial questions arising under federal patent law. All of EPPs' other claims, such as their claim that Pfizer's listing of the RE '048 patent in the Orange

6

Book or settlement of patent litigation were improper, are dependent on their claims of fraud on the PTO or sham patent litigation, and stand or fall with those claims. *See* DPP Motion at 34-37.

Critically, numerous courts have dismissed as preempted state law claims alleging misconduct before the PTO because plaintiffs failed to allege any "tortious conduct in the marketplace," and the claims "rest[ed] entirely on patent law." *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 363 F. Supp. 2d 514, 543-44 (E.D.N.Y. 2005); *see also K-Dur*, 2007 WL 5297755, at *24 (following *Ciprofloxacin* where plaintiffs' state law antitrust and consumer protection claims all "fundamentally rely upon evidence of fraud or inequitable conduct before the PTO, or evidence derivative of those actions to satisfy their respective elements of proof"); *Daiichi Sankyo, Inc. v. Apotex, Inc.*, No. 030937 (SDW-MCA), 2009 WL 1437815, at *9 (D.N.J. May 19, 2009); *GFI, Inc. v. Bean Station Furniture*, 286 F. Supp. 2d 663 (M.D.N.C. 2003) (holding that claims preempted because alleged "bad faith" must "occur in the marketplace, not before PTO"); *cf. Cardiovention, Inc. v. Medtronic, Inc.*, 430 F. Supp. 2d 933, 939-41 (D. Minn. 2006) (rejecting tortious interference claim as alternative remedy for inequitable conduct before the PTO). For instance, in *Ciprofloxacin*, the indirect purchasers' claim was fundamentally based on the defendants' conduct before the PTO rather than any alleged misconduct in the marketplace, and was thus subject to dismissal as preempted. *See Ciprofloxacin*, 363 F. Supp. 2d at 543-44. The same is true of EPPs' claims here, which are fundamentally premised on Pfizer's alleged misconduct before the PTO during the prosecution of the RE '048 patent.

Because all of EPPs' claims under state law depend on Pfizer's alleged conduct before the PTO during the prosecution of the RE '048 patent, they are preempted and must be dismissed.

## III.   EPPS LACK STANDING TO ASSERT STATE LAW CLAIMS

EPPs lack standing to assert a majority of their claims because (1) they lack Article III standing to bring claims in 31 jurisdictions, (2) they are barred from bringing claims as indirect purchasers by the doctrine of *Illinois Brick* in Florida, Illinois, Rhode Island and Utah, and (3) they cannot circumvent *Illinois Brick* by asserting antitrust claims under the unjust enrichment laws of 24 jurisdictions.

### A.   EPPs Lack Article III Standing to Assert Claims Under the Laws of 31 Jurisdictions in which They Have Not Alleged Injury

EPPs do not have Article III standing to bring claims under the laws of the states in which they do not claim to have been injured.   Here, EPPs allege that they reside in or reimbursed prescriptions in the following 21 states: Alabama, Arizona, Florida, Illinois, Indiana, Massachusetts, Michigan, Minnesota, Mississippi, Nevada, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Dakota, Texas, and Wisconsin.   EPP Compl. ¶¶ 8-17.   Yet EPPs allege claims under the antitrust, consumer protection, and/or unjust enrichment laws of an additional 31 other jurisdictions as to which they make no claim of residence or reimbursement whatsoever.   Fundamentally, EPPs can have no claim of injury and, therefore, no standing as to those 31 jurisdictions.

Article III standing is a "threshold question in every federal case," and without it no case may proceed.   *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).   Plaintiffs "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984).

EPPs must allege standing for *each claim*.   "[S]tanding is not dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996); *see also Davis v. Fed. Election Comm'n*, 554 U.S. 724,

734 (2008) ("[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought.") (citation omitted); *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006).  Thus, EPPs here must show they have standing to bring *each* of the individual state law claims they assert.  A "plaintiff whose injuries have no causal relation to," or cannot be redressed by, the legal basis for a claim does not have standing to assert that claim.  *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 152 (E.D. Pa. 2009) (recognizing that "a plaintiff whose injuries have no causal relation to Pennsylvania . . . has no standing to assert a claim under Pennsylvania law").

Article III standing requirements fully extend to class action claims such as those asserted here.  *Lewis*, 518 U.S. at 357 ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which the purport to represent."); *Blum v. Yaretsky*, 457 U.S. 991, 1001-02 (1982) (plaintiff class representatives lacked standing to assert type of claim they did not share with absent class members).  A purported class representative for a class action therefore must itself meet the requirements of Article III standing, and cannot rely on the standing of absent class members.  *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005) ("[I]t bears repeating that a person cannot predicate standing on injury which he does not share.  Standing cannot be acquired through the back door of a class action.") (quoting *Allee v. Medrano*, 416 U.S. 802, 828-29 (1974) (Burger, C.J., concurring in the result in part and dissenting in part)).

In light of these principles, courts throughout the country and in this Circuit hold that named plaintiffs lack standing to bring claims on behalf of a class under the laws of states where

the named plaintiffs have never resided or suffered injury.  *Zaycer v. Sturm Foods, Inc.*, 896 F. Supp. 2d 399, 409 (D. Md. 2012) (dismissing claims under states in which putative class plaintiff suffered no injury for lack of standing); *see also In re Niaspan Antitrust Litig.*, 2014 WL 4403848, at *16 (E.D. Pa. Sept. 5, 2014) ("[N]amed plaintiffs lack standing to assert claims under the laws of states in which they do not reside or in which they suffered no injury.") (internal quotations omitted); *In re Ductile Iron Pipe Fittings (DIPF) Indirect Purchaser Antitrust Litig.* ("*DIPF*"), No. 12-169, 2013 WL 5503308, at *11-12 (D.N.J. Oct. 2, 2013) (granting motion to dismiss claims in states where no named class plaintiff resided or was injured); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09-CR-3690, 2013 WL 4506000, at *8 (N.D. Ill. Aug. 23, 2013) (holding that indirect purchaser class plaintiffs "fail to satisfy their burden of showing Article III standing for states in which they do not reside and/or did not purchase the products at issue"); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2012 WL 2917365, at *7 (E.D. Mich. July 17, 2012) (dismissing claims where complaint had "no factual allegations that connect any injuries by the named IP Plaintiffs [in class action] to any causes of action arising in these states").[5]

EPPs assert claims under the laws of 31 jurisdictions in which no named plaintiff claims any injury: Alaska, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Georgia, Hawaii, Idaho, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Missouri, Montana, Nebraska, New Hampshire, New Mexico, Oregon, Puerto Rico, South

---

[5] *See also In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. 07-1827-SI, 09-5609-SI, 2010 WL 2629728, at *4 (N.D. Cal. June 29, 2010) (holding that named class action plaintiffs must allege injury in states under which they bring claims); *Cornelius v. Fidelity Nat'l Title Co.*, No. C08-754-MJP, 2009 WL 596585, at *9-10 (W.D. Wash. Mar. 9, 2009) (plaintiffs did not have standing to represent unnamed out-of-state plaintiffs); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 923-24 (N.D. Ill. 2009); *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1106-07 (N.D. Cal. 2007); *Temple v. Circuit City Stores, Inc.*, No. 06-CV-5303(JG), 06 CV 5304(JG), 2007 WL 2790154, at *8 (E.D.N.Y. Sept. 25, 2007).

Carolina, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia, and Wyoming. EPPs' claims under these jurisdictions' laws must therefore be dismissed.

While some courts have inaccurately relied on *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), and *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) to hold that the Article III standing issue could be deferred until after class certification is considered, many courts, including those in this Circuit, have found that the "weight of authority" supports "resolv[ing] the standing challenge before class certification." *Zaycer*, 896 F. Supp. 2d at 407; *Miller v. Pac. Shore Funding*, 287 B.R. 47, 51-52 (D. Md. 2002) (holding that standing is a threshold question that must be answered before class certification); *see also Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 64 (2d Cir. 2012) (rejecting "approach that analyzes class certification before Article III standing"); *Winer Family Trust v. Queen*, 503 F.3d 319, 326 (3d Cir. 2007) (holding that the "*initial inquiry* . . . is whether the lead plaintiff individually has standing, not whether or not other class members have standing"); *Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004); *see supra* at 9-10 & n.5.

### B. EPPs Lack Standing to Assert Antitrust Claims in Four *Illinois Brick* States

EPPs lack standing to assert antitrust claims in four states – Florida, Illinois, Rhode Island, and Utah – that follow the rule of *Illinois Brick*, which has long held that indirect purchaser plaintiffs are too remote to assert damages claims under federal antitrust law. *Illinois Brick v. Illinois*, 431 U.S. 720 (1977). The rule under *Illinois Brick* has been followed by many states and territories, and accordingly, indirect purchaser plaintiffs such as EPPs cannot assert state law antitrust claims in those jurisdictions. *See, e.g.*, *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1372 (S.D. Fla. 2001).

*Illinois Brick* applies to bar any recovery by EPPs under the Florida Antitrust Act. *Mack v. Bristol-Myers Squibb Co.*, 673 So. 2d 100, 103 (Fla. Dist. Ct. App. 1996); *see also DIPF*,

2013 WL 5503308, at *21.   Additionally, the <u>Illinois Antitrust Act</u> permits only the state's

Attorney General to bring a class action on behalf of indirect purchasers.  740 Ill. Comp. Stat. §

10/7(2) ("[N]o person shall be authorized to maintain a class action in any court of this State for

indirect purchasers asserting claims under this Act, with the sole exception of this State's

Attorney General, who may maintain an action parens patriae . . . ."); *see also In re Suboxone*

*(Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, No. 2:13-02445, 2014 WL

6792663, at *27 (E.D. Pa. Dec. 3, 2014); *United Food & Commercial Workers Local 1776 &*

*Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, No. 14-MD-

02521-WHO, 2014 WL 6465235, at *23 (N.D. Cal. Nov. 17, 2014); *In re Wellbutrin XL*

*Antitrust Litig.*, 756 F. Supp. 2d 670, 676 (E.D. Pa. 2010).

 Similarly, the <u>Utah Antitrust Act</u> permits damages claims only by indirect purchasers that

are citizens or residents of the state.  *See* Utah Code Ann. § 76-10-3109; *Niaspan*, 2014 WL

4403848, at *18 (dismissing Utah claim because no named plaintiff was a citizen or resident of

Utah).  EPPs fail to allege that they are citizens or residents of Utah, much less that they suffered

any injury in Utah.

 Rhode Island bars antitrust suits by indirect purchasers under *Illinois Brick* for conduct

occurring prior to July 15, 2013.  *See In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F.

Supp. 2d 198, 232 (S.D.N.Y. 2012).  On July 15, 2013, the Rhode Island legislature enacted an

*Illinois Brick* repealer statute allowing indirect purchasers to maintain an action under the <u>Rhode</u>

<u>Island Antitrust Act</u>.   R.I. Gen. Laws § 6-36-7(d).   Nothing in the Rhode Island antitrust

amendments indicates that the new section should be applied retroactively.  Under Rhode Island

law, "[i]t is well established . . . that statutes and their amendments are presumed to apply

prospectively."  *Hydro-Mfg., Inc. v. Kayser-Roth*, 640 A.2d 950, 954 (R.I. 1994) (citation

omitted); *see also VanMarter v. Royal Indem. Co.*, 556 A.2d 41, 44 (R.I. 1989).  "Only when it appears by clear, strong language or by necessary implication that the Legislature intended a statute to have retroactive application will the courts apply it retrospectively."  *Hydro-Mfg.*, 640 A.2d at 954-55 (internal citation and quotation omitted); *see also Avanzo v. R.I. Dep't of Human Servs.*, 625 A.2d 208, 211 (R.I. 1993) ("As a general rule statutes operate prospectively from and after the effective date of the statute.").  Indeed, in enacting the *Illinois Brick* repealer, the Rhode Island legislature provided that the amendment "shall take effect upon passage," providing further support that the repealer does not apply retroactively.  2013 R.I. Pub. Laws, ch. 365, § 2; *see also Kaveny v. Town of Cumberland Zoning Bd. of Review*, 875 A.2d 1, 4 (R.I. 2005) (a statute is to be applied prospectively when the Legislature indicates that the "act shall take effect upon passage"); *Hydro-Mfg.*, 640 A.2d at 955.

Consistent with the legislative history and these principles of statutory interpretation, courts applying the Rhode Island repealer statute have recently held that it does *not* apply retroactively.  *See, e.g., Niaspan*, 2014 WL 4403848, at *17 (holding Rhode Island "repealer statute[] . . . appl[ies] only prospectively"); *United Food*, 2014 WL 6465235, at *26 (dismissing Rhode Island antitrust claims because *Illinois Brick* repealer "is not retroactive").  Moreover, where other states have enacted similar *Illinois Brick* repealers, courts have interpreted those statutes to operate only prospectively unless the statute or the legislative record expressly instructed otherwise.  *See, e.g., In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5944 SC, 2010 WL 9543295, at *14 (N.D. Cal. Feb. 5, 2010) (holding Nebraska and Nevada statutes intended to operate prospectively); *In re Relafen Antitrust Litig.*, 225 F.R.D. 14, 26-27 (D. Mass. 2004) (declining to apply Idaho and Arkansas repealer statutes to conduct that occurred prior to

enactment in order to avoid affront to "[e]lementary considerations of fairness") (internal citation omitted).

Here, EPPs' *Walker Process* fraud claims arise out of conduct that allegedly began in 2008 and ended with reissue in March 2013.  EPP Compl. ¶ 3.  EPPs' sham litigation claims arise out of Pfizer's patent lawsuit filed on March 5, 2013.  *Id.* ¶ 4.  Because they arise out of conduct occurring before July 15, 2013, EPPs' claims under the Rhode Island Antitrust Act must be dismissed.  *United Food*, 2014 WL 6465235, at *27 (holding that because conduct at issue occurred before date of Rhode Island repealer, claims had to be dismissed even though "damages may have continued to occur from that conduct after the enactment of the repealer law").

Accordingly, EPPs' Florida, Illinois, Utah, and Rhode Island antitrust claims must be dismissed, as each state follows *Illinois Brick* and does not permit indirect purchaser claims.

### C.  EPPs Lack Standing Under *Illinois Brick* to Assert Claims Under the Massachusetts Consumer Protection Act

EPPs' Massachusetts Consumer Protection Act claim also is barred by *Illinois Brick.* Although EPPs do not allege which section of the Massachusetts Consumer Protection Act, Massachusetts General Law ch. 93A, governs their claim, they lack standing under either provision of the state's law.  As an initial matter, EPPs appear to be attempting to proceed under section 11 since they are engaged "in . . . trade or commerce," and section 9 affords no relief to such persons.  *See Cont'l Ins. Co. v. Bahman*, 216 F.3d 150, 156 (1st Cir. 2000) (explaining that sections 9 and 11 of the Consumer Protection Act are "mutually exclusive" and "section 11 entitles '[a]ny person who engages in the conduct of any trade or commerce' to bring an action" whereas "section 9 affords no relief to persons engaged in trade or commerce"); *Cook & Co. v. Matrix Risk Mgmt. Servs. LLC*, No. 09-cv-10976-NG, 2011 WL 241966, at *9 (D. Mass. Jan. 24, 2011).  EPPs are engaged in the "trade and commerce" of providing health and welfare benefits

because "EPPs did not purchase the products (and/or provide reimbursement for those products) for *their* personal use, but for the use of their members." *United Food*, 2014 WL 6465235, at *25.

However, section 11 explicitly precludes indirect purchasers such as EPPs from bringing claims. *See, e.g.*, *Ciardi v. F. Hoffman La Roche, Ltd.*, 762 N.E.2d 303, 311 (Mass. 2002); *United Food*, 2014 WL 6465235, at *25 (holding that end-payor plaintiffs' claims were barred under section 11); *Suboxone*, 2014 WL 6792663, at *28; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-05944, 2014 WL 1088256, at *3 (N.D. Cal. March 13, 2014) ("[A] corporation engaged in commerce whose suit is based on indirect purchases will not have standing under Section 11."); *In re Automotive Parts Antitrust Litig.*, No. 12-cv-00102, 2013 WL 2456612, at *29 (E.D. Mich. June 6, 2013) (dismissing Massachusetts Consumer Protection Act claim since indirect purchaser business plaintiffs cannot proceed under Section 11). Accordingly, this claim must be dismissed.[6]

### D.  EPPs Cannot Circumvent *Illinois Brick* by Asserting Antitrust Claims under Unjust Enrichment Theories of 23 States and Puerto Rico

Nor may EPPs circumvent *Illinois Brick* by relabeling such claims as "unjust enrichment" claims.  For several states that follow *Illinois Brick*, EPPs do not assert antitrust claims but purport to assert "unjust enrichment" claims.  EPPs do not allege any unique conduct or otherwise attempt to plead the elements of unjust enrichment in those states.  Rather, in a blatant attempt to avoid *Illinois Brick*, they assert in conclusory fashion that the same conduct they claim supports their antitrust claims also supports their claims under common law unjust enrichment.

---

[6] Plaintiff Barbara Stanley's Massachusetts claims must be dismissed for other reasons, including failure to provide pre-filing notice, *see infra* Section V.B., failure to plead primarily intrastate conduct, *see infra* Section IV.A, and failure to allege injury in Massachusetts, *see supra* Section III.A, Compl. ¶ 17 (alleging injury solely in Florida).

EPPs' unjust enrichment claims in *Illinois Brick* states are subject to dismissal on this basis alone.

Courts routinely reject attempts by plaintiffs to circumvent the *Illinois Brick* indirect purchaser bar by recasting antitrust claims as unjust enrichment claims. *Niaspan*, 2014 WL 4403848, at *21 (joining "majority of courts" in holding that "allowing . . . unjust enrichment claims in those states that explicitly disallow indirect purchasers from pursuing antitrust and consumer-protection claims . . . would result in circumvention of the policies expressed by state legislatures through limitations inherent in those laws"); *United Food*, 2014 WL 6465235, at *25; *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 350 F. Supp. 2d 160, 211 (D. Me. 2004) ("*NMV*") (dismissing claims for violations of state antitrust law in states that maintain the *Illinois Brick* prohibition on indirect purchaser recovery because it would "subvert the statutory scheme"); *see also In re K-Dur Antitrust Litig.*, No. 01-1652 (JAG), 2008 WL 2660780, at *5 (D.N.J. Feb. 28, 2008) (dismissing indirect purchasers' unjust enrichment claims because "where the applicable state law . . . simply does not recognize a private cause of action for antitrust violations, a plaintiff cannot circumvent the statutory framework by recasting an antitrust claim as one for unjust enrichment.").

Accordingly, EPPs' claims under the unjust enrichment laws of at least the following 24 states and jurisdictions should be dismissed, because each of those jurisdictions applies *Illinois Brick*: Alabama, Alaska, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Kentucky, Louisiana, Maryland, Massachusetts, Missouri, Montana, New Jersey, Oklahoma, Pennsylvania,[7]

---

[7] Pennsylvania law does not recognize any cause of action for damages sustained as a result of antitrust violations, and courts have rejected attempts by plaintiffs to recover for antitrust violations under the guise of unjust enrichment claims. *Stutzle v. Rhonepoulenc S.A.*, No. 002768, 2003 WL 22250424, at *2 (Pa. Ct. Com. Pl. Sept. 26, 2003) (dismissing unjust enrichment claims because, "to allow plaintiffs to use a claim for unjust enrichment as a means

Puerto Rico, Rhode Island, South Carolina, Texas, Utah, Virginia, and Washington.[8]

## IV. EPPS' STATE LAW ANTITRUST CLAIMS MUST BE DISMISSED FOR ADDITIONAL REASONS

EPPs' state law antitrust claims must be dismissed for additional reasons, specifically (1) failure to allege primarily intrastate conduct as required under the antitrust statutes of Mississippi, New York, Tennessee, and the District of Columbia, as well as the consumer protection statute of Massachusetts; and (2) failure to allege concerted action as required in California, New York and Tennessee.

### A. EPPs Cannot Allege Primarily Intrastate Conduct as Required in Five Jurisdictions

The conduct alleged here was national in nature: the prosecution activity was directed at obtaining a patent from a federal government agency that would be subject to enforcement anywhere in the United States, and EPPs' own allegations describe nationwide conduct and injury.  EPP Compl.  ¶¶ 261-62.  Indeed, EPPs specifically allege that Defendants' actions affected interstate and foreign commerce.  *Id.*  At least five of the statutes invoked by EPPs,

---

for collecting damages, which are not allowable by Pennsylvania's antitrust law, is not a proper use of the claim and can only lead to mischief"); *see also K-Dur*, 2008 WL 2660780, at *4 (dismissing unjust enrichment claims because they were precluded by Pennsylvania law; Pennsylvania has no general antitrust statute or private right of action against restraints of trade or monopolization).

[8] *See Sheet Metal Workers Local 441 Health & Welfare Plan v. Glaxosmithkline, PLC*, 737 F. Supp. 2d 380, 429, 435-37, 442, 446-47 (E.D. Pa. 2010) (Alabama, Indiana, Louisiana, Oklahoma, and Texas apply *Illinois Brick*); *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 539 (E.D. Pa. 2010) (Illinois); *Relafen*, 225 F.R.D. at 22-26 (Alabama, Georgia, Maryland, Wyoming); *FTC v. Mylan Labs., Inc.*, 62 F. Supp. 2d 25, 44-46, 50, 52-53 (D.D.C. 1999) (Alaska, Colorado, Idaho, Ohio, Utah, Washington); *In re TFT-LCD (Flat Panel) Antitrust Litig,*, 599 F. Supp. 2d 1179, 1191-92 (N.D. Cal. 2009) (Montana, Puerto Rico, Virginia); *NMV*, 350 F. Supp. 2d at 170, 180-81, 185-86, 190-92, 194-95, 199-200 (Connecticut, Kentucky, Louisiana, Missouri, New Jersey, Oklahoma); *K-Dur*, 2008 WL 2660780, at *4-5 (Delaware, New Jersey); *Siena v. Microsoft Corp.*, 796 A.2d 461, 464-65 (R.I. 2002) (Rhode Island); *In re Microsoft Corp. Antitrust Litig.*, 401 F. Supp. 2d 461, 464 (D. Md. 2005) (South Carolina); *Davidson v. Microsoft Corp.*, 792 A.2d 336, 344-45 (Md. Ct. Spec. App. 2002) (Maryland); *Pomerantz v. Microsoft Corp.*, 50 P.3d 929, 934 (Colo. App. 2002) (Colorado).

however, require that the challenged conduct take place, or that its effects occur, purely or

primarily within the state, rather than across the country:

- The D.C. Antitrust Act:  The District of Columbia's antitrust law does not apply to claims that, even if they bear some connection to the District, are interstate in nature.[9]

- Mississippi Antitrust Act:   The Mississippi Antitrust Act applies exclusively to combinations or conspiracies that have as their object a monopoly in *intrastate* trade and that are accomplished by wholly *intrastate* transactions.[10]   In *In re DDAVP Indirect Purchaser Antitrust Litigation*, the court held that as long as some conduct offensive to the statute occurs within the state (*i.e.*, purchase of price-inflated drugs), the requirement is met.  903 F. Supp. 2d at 230.  But EPPs do not allege that Plaintiffs reside in Mississippi or even claim any purchases in Mississippi.  Nor do EPPs allege any conduct on the part of Defendants allegedly occurring in Mississippi.  Therefore, EPPs fail to allege any conduct that would meet the intrastate requirement, much less conduct "wholly" within the state.

- New York Donnelly Act:  New York's antitrust law does not apply where the conduct primarily affects interstate commerce.[11]  EPPs' complaint makes clear that the conduct at issue primarily affects interstate commerce.  EPP Compl. ¶¶ 24-26.

- Tennessee Trade Practices Act: The scope of Tennessee's antitrust laws is limited to anticompetitive conduct that affects Tennessee trade to a "substantial degree."[12]  EPPs make no allegations that would meet this requirement, failing to even allege any injury in Tennessee.

- Massachusetts Consumer Protection Act: Under Massachusetts law, the conduct at issue must have occurred "primarily and substantially within the commonwealth."  Mass. Gen.

---

[9] D.C. Code § 28-4502; *Sun Dun, Inc. of Wash. v. Coca-Cola Co.*, 740 F. Supp. 381, 396 (D. Md. 1990), *enforced*, 770 F. Supp. 285, 288-89 (D. Md. 1991).

[10] *See* Miss. Code Ann. § 75-21-21; *Standard Oil Co. of Ky. v. State ex rel. Att'y Gen.*, 65 So. 468, 471 (Miss. 1914), *overruled in part, on other grounds, Mladinich v. Kohn*, 164 So. 2d 785 (Miss. 1964); *see also Mississippi ex rel. Hood v. AU Optronics Corp.*, 876 F. Supp. 2d 758, 777 (S.D. Miss. 2012); *In re Microsoft Corp. Antitrust Litig.*, No. JFM-03-741-48, 2003 WL 22070561, at *1-2 (D. Md. Aug. 22, 2003); *California v. Infineon Tech.*, 531 F. Supp. 2d 1124, 1157-59 (N.D. Cal. 2007).

[11] N.Y. Gen. Bus. Law § 340(1); *H Quotient, Inc. v. Knight Trading Grp., Inc.*, No. 03 Civ. 5889(DAB), 2005 WL 323750, at *4-5 (S.D.N.Y. Feb. 9, 2005).

[12] Tenn. Code Ann. § 47-25-101; *Freeman Indus. v. Eastman Chem. Co.*, 172 S.W.3d 512, 523 (Tenn. 2005) (Tennessee Supreme Court adopts "substantial effects standard"); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2013 WL 1431756 at *15 (E.D. Mich. Apr. 9, 2013) (dismissing claim under Tennessee Trade Practices Act because plaintiffs failed to allege any Tennessee-specific antitrust activities or effects).

Laws ch. 93A, § 11; *Camp Creek Hospitality Inns, Inc. v. Sheraton Franchise Corp., ITT*, 139 F.3d 1396, 1410 (11th Cir. 1998); *see also Fishman Transducers, Inc. v. Paul*, 684 F.3d 187, 197 (1st Cir. 2012) (no claim under Massachusetts' unfair competition statute where "the direct impact of the deception – to the extent it occurred – was on customers all over the country, few of whom were in Massachusetts.").

As a result, the claims asserted under the antitrust laws of Mississippi, New York, Tennessee, and the District of Columbia, as well as the consumer protection law of Massachusetts, should be dismissed.

**B.  EPPs Fail to State a Claim Under California, New York and Tennessee Statutes That Prohibit Only Concerted Action**

EPPs allege only unilateral monopolization claims; they do not purport to claim that Defendants engaged in concerted action to restrain trade, e.g., a price-fixing conspiracy.  EPP Compl. ¶¶ 276-82.  The California Cartwright Act, however, regulates trusts, and a "trust is a combination of capital, skill or acts by *two or more persons*."  Cal. Bus. & Prof. Code § 16720 (emphasis added).  The California antitrust law therefore does not recognize a cause of action for the type of unilateral monopolization conduct that EPPs purport to allege here.  *Id.*; *Davis v. Pac. Bell*, 204 F. Supp. 2d 1236, 1243 (N.D. Cal. 2002).

New York's antitrust statute, the Donnelly Act, similarly declares illegal only a "contract, agreement, arrangement or combination" in restraint of trade.  N.Y. Gen. Bus. Law § 340(1); *Commonwealth Elec. Inspection Servs. v. Town of Clarence*, 776 N.Y.S.2d 687, 688 (N.Y. App. Div. 2004).  The Donnelly Act therefore addresses only *concerted* antitrust conduct and does not prohibit any form of *unilateral* conduct such as monopolization.

Tennessee similarly bars only "arrangements, contracts, agreements, trusts, or combinations" in restraint of trade.  Tenn. Code Ann. §§ 47-25-101 to -113; *Ditropan*, 529 F. Supp. 2d at 1108-09.

EPPs' claims under the California Cartwright Act, the New York Donnelly Act and the

19

Tennessee Trade Practices Act are all asserted under Count I of their Complaint, which expressly alleges "monopolization under state law," *i.e.*, unilateral conduct by Pfizer.  EPP Compl. at 72. EPPs' passing reference to settlement of litigation cannot save their Complaint, and, at the very least, their claims of fraudulent procurement and enforcement of the RE '048 patent – purely unilateral conduct – must be dismissed for failure to plead concerted action.

### C. EPPs Fail to Plead Facts Plausibly Suggesting a Cognizable Future Injury as Required for Injunctive Relief Claims under the Sherman Act

EPPs assert claims for injunctive relief under the federal Sherman Act, but such claims fail because EPPs cannot identify any real, cognizable future injury against which an injunction could be entered.   Injunctive relief is justified only when necessary to prevent a substantial probability of future antitrust misconduct leading to antitrust injury.  *See, e.g.*, *Whitfield v. John Bourne Co.*, 16 F. App'x 116, 127 (4th Cir. Jan. 26, 2001) (upholding denial of injunctive relief under the Clayton Act when there was no showing of "reoccurring or repetitive acts of anti-competitive activity or the threat of such activity that would support an injunction"); *Baxter Int'l, Inc. v. Morris*, 976 F.2d 1189, 1194 (8th Cir. 1992) ("Injunctive relief must be based on a real apprehension that future acts are not just threatened but in all probability will be committed.") (citation omitted).

EPPs challenge only past conduct in the form of alleged misconduct before the PTO leading to issuance of the RE '048 patent and sham patent litigation before this Court.  EPPs do not allege that generic competition is currently excluded, nor do they allege how it might be in the future.   On the contrary, EPPs concede that generic competition entered the market in December 2014 and, therefore, any injury they might have experienced in the past ceased as of that date.   EPP Compl. ¶ 207.   Because EPPs cannot allege any ongoing or likely future wrongdoing that could be enjoined, their Sherman Act claim under Count III of the Complaint

must be dismissed.[13]

## V. EPPS' CAUSES OF ACTION UNDER STATE CONSUMER PROTECTION LAWS MUST ALSO BE DISMISSED

### A. <u>EPPs' California Unfair Competition Law Claim Fails</u>

In addition to the failure to allege standing, *see supra* Section III.A., EPPs fail to allege the deceptive conduct necessary to recover under <u>California's Unfair Competition Law</u>.  While the statute requires a plaintiff to show that the conduct was *deceptive*, and that this deception was directed *towards consumers* and relied upon *by consumers*, here, *no deception whatsoever is alleged*, much less deception towards or relied on *by consumers*.  Courts routinely dismiss claims for failure to allege such conduct under the <u>California Unfair Competition Law</u>.  Cal. Bus. & Prof. Code § 17204; *Durell v. Sharp Healthcare Int'l.*, 108 Cal. Rptr. 3d 682, 696 (Cal. Ct. App. 2010); *Medina v. Safe-Guard Prods. Int'l Inc.*, 78 Cal. Rptr. 3d 672, 679 (Cal. Ct. App. 2008); *Hall v. Time Inc.*, 70 Cal. Rptr. 3d 466, 471-73 (Cal. Ct. App. 2008); *In re Tobacco II Cases*, 207 P.3d 20, 39-41 (Cal. 2009); *In re iPhone 4S Consumer Litig.*, No. C12-1127, 2013 WL 3829653, at *11 (N.D. Cal. July 23, 2013) ("A plaintiff seeking to prosecute [a California Unfair Competition Law] claim is required to plead actual reliance on the allegedly deceptive or misleading statements.").

Second, EPPs' claim must be dismissed for failure to comply with California's pre-filing notice requirement.  Under the <u>California Unfair Competition Act</u>, a party must "serve, within three days of filing with the court, a copy of that brief or petition on the Attorney General."  Cal. Bus. & Prof. Code § 17209; *In re Ford Tailgate Litig.*, No. 11-cv-2953-RS, 2014 WL 1007066, at *9 (N.D. Cal. Mar. 12, 2014).  EPPs have not alleged that they met these requirements and

---

[13] To the extent that EPPs purport to seek injunctive relief under any other state or federal law, such claims would similarly fail.

provide no good cause for extending the deadline now, Cal. Bus. & Prof. Code § 17209, and their claims under the California consumer protection law must be dismissed on this basis alone.

### B.  EPPs' Massachusetts Consumer Protection Act Claim Fails

In addition to the failure to allege standing, *supra* section III.C, and the failure to allege primarily intrastate conduct, *supra* Section IV.A., EPPs' claim under the Massachusetts Consumer Protection Act fails because EPPs did not comply with pre-filing notice requirements. Under this law, a demand letter providing such notice thirty days prior to suit is a jurisdictional "prerequisite to suit," and "not merely a procedural nicety."  *Rodi v. S. New England Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004); Mass. Gen. Laws ch. 93A, § 9(3); *see also Suboxone*, 2014 WL 6792663, at *28; *Ford Tailgate*, 2014 WL 1007066, at *9 (holding that the Massachusetts Consumer Protection Act requires that plaintiff send demand letter to defendant thirty days prior to filing suit); *Shaw v. BAC Home Loans Servicing, LP*, No. 10-11021-DJC, 2013 WL 789195, at *5-6 (D. Mass. Mar. 1, 2013) (noting that demand letter under Mass. Gen. L. ch. 93A must be both timely and include sufficient description of the unfair or deceptive act and dismissing claim for plaintiff's failure to include the alleged violation in demand letter); *Flonase*, 692 F. Supp. 2d at 539-40; *Sheet Metal*, 737 F. Supp. 2d at 411-12; *Spring v. Geriatric Auth. of Holyoke*, 475 N.E.2d 727, 735-36 (Mass. 1985).  "Furthermore, 'as a special element' of the cause of action, [prior notification to defendant] must be alleged in the plaintiff's complaint." *Rodi*, 389 F.3d at 19 (quoting *Entrialgo v. Twin City Dodge, Inc.*, 333 N.E.2d 202, 204 (Mass. 1975)).  EPPs' Massachusetts Consumer Protection Act claims must be dismissed.

### C.  EPPs' Vermont Consumer Fraud Act Claim Fails

EPPs are not consumers but are third-party payors and therefore have no right of action under the Vermont Consumer Fraud Act.  Vermont allows a civil remedy only to a "consumer who contracts for goods or services" in reliance on false representations or prohibited practices.

Vt. Stat. Ann. tit. 9 § 2461(b); *State v. Int'l Collection Serv.*, 594 A.2d 426, 428 (Vt. 1991) (private remedy limited to consumer plaintiffs).  Since EPPs cannot meet this requirement, their Vermont Consumer Fraud Act claim must be dismissed.

## VI.   EPPS' UNJUST ENRICHMENT CLAIMS MUST BE DISMISSED

### A.   EPPs' Unjust Enrichment Claims Fail on Certain Threshold Grounds

Because EPPs are attempting to force square peg antitrust claims within the round hole of unjust enrichment, these claims fail for certain threshold reasons.

#### 1.   Unjust Enrichment, an Equitable Remedy, Is Unavailable when an Adequate Remedy at Law Exists, and Is Not a Means to Avoid the Requirements of EPPs' Antitrust Claims

Equity cannot be sought where the law provides a remedy.  *Coastal Masonry, Inc. v. Reliance Ins. Co.*, 297 B.R. 34, 41 (E.D. Va. 2003) ("Equitable remedies are designed to give relief where justice demands, but law fails to so provide."); *see also Levinson v. Mass. Mut. Life Ins. Co.*, No. 06-cv-086, 2006 WL 3337419, at *9 (E.D. Va. 2006) ("As a general rule, 'when a party has an adequate remedy at law, he has none in equity.'").

To the extent recognized, unjust enrichment is an equitable claim that exists only to fill gaps in the law where no express remedy at law exists.  *See Walters v. MedSouth Record Mgmt., LLC*, 38 So. 3d 245, 246 (La. 2010) ("The unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'") (citation omitted); *Wright v. Cangiano*, No. 15084, 1993 WL 946172, at *1 (Va. July 20, 1993) ("The 'unjust' in 'unjust enrichment' refers to the lack of the plaintiff having a remedy at law for any wrong perpetrated on him by the defendant."); *Anwar v. Fairfield Greenwich Ltd.*, 826 F. Supp. 2d 578, 594 (S.D.N.Y. 2011) ("It is blackletter law that the theory of unjust enrichment is equitable in nature and is, therefore, not available when there is an adequate legal remedy.") (internal quotation omitted).  EPPs' unjust enrichment claims, therefore, fail entirely in states where an adequate remedy at law exists.

Unjust enrichment is not, as EPPs would have it, an alternative legal regime designed to allow the plaintiff to evade the requirements or limits of pre-existing and adequate remedies.  Indeed even where a legal remedy existed but was waived, the plaintiff could not circumvent the waiver by invoking the equitable powers of the court.  *See Coastal Masonry*, 297 B.R. at 41.

Here, too, EPPs cannot use unjust enrichment as an alternative legal regime in those states where the legislature has already created an adequate remedy at law for the types of claims EPPs purport to assert, including all states having antitrust laws.

## 2.   Where EPPs Cannot Assert Antitrust Claims, Their Unjust Enrichment Claims Also Must Be Dismissed

EPPs may not use unjust enrichment to circumvent the will of those legislatures that chose *not* to grant EPPs and similar plaintiffs a cause of action in cases such as these by choosing not to enact *Illinois Brick* repealers.  *See, e.g.*, *Sheet Metal*, 737 F. Supp. 2d at 426 (dismissing unjust enrichment claims in "states where [plaintiffs] have no antitrust or consumer protection remedy at law" because to hold otherwise "would subvert state legislative attempts to limit antitrust liability").  As discussed, *supra* Section III.D., EPPs' unjust enrichment claims must be barred in 24 jurisdictions that would bar indirect plaintiffs from bringing antitrust claims.

## 3.   Where EPPs Cannot Provide Any Basis On Which Defendants Have Been Unjustly Enriched, Unjust Enrichment Claims Fail

EPPs' unjust enrichment claims also must be dismissed with respect to states and territories for which EPPs assert no claims *other* than unjust enrichment.  *See Sheet Metal*, 737 F. Supp. 2d at 426 (dismissing unjust enrichment claims for states "in which the plaintiffs *do not assert* any antitrust or consumer protection claims").  In such states, EPPs claim that Defendants have been unjustly enriched, but do not claim that Defendants violated any state laws.  EPPs therefore claim no wrongful conduct in those states to form the basis of an unjust enrichment claim.  EPPs' unjust enrichment claims under the laws of Alabama, Alaska, Arkansas, Colorado,

Connecticut, Delaware, Georgia, Hawaii, Idaho, Kansas, Kentucky, Louisiana, Maryland, Missouri, Montana, New Jersey, Oklahoma, Pennsylvania, Puerto Rico, South Carolina, Texas, Virginia, Washington, and Wyoming must be dismissed for this reason.

### 4. Several States Invoked by EPPs Have Expressly Held That They Do Not Recognize Unjust Enrichment Claims As an Independent Cause of Action

EPPs have brought claims in four states where no independent cause of action for unjust enrichment even exists: <u>California</u>, <u>Georgia</u>, <u>Illinois</u>, and <u>Mississippi</u>.

<u>California</u>: *See Niaspan*, 2014 WL 4403848, at *24 ("California law does not recognize unjust enrichment as a cause of action."); *United Food*, 2014 WL 6465235, at *29 (holding that "unjust enrichment is not an independent cause of action"); *Bruton v. Gerber Prods. Co.*, 961 F. Supp. 2d 1062, 1099 (N.D. Cal. 2013) ("[T]here is no distinct cause of action for unjust enrichment under California law."); *iPhone 4S*, 2013 WL 3829653, at *18 (holding that "a stand-alone claim for unjust enrichment cannot be maintained"); *IB Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (Cal. Ct. App. 2003) ("[T]here is no cause of action in California for unjust enrichment . . . ."); *Refrigerant Compressors*, 2013 WL 1431756, at *25; *see also Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) ("[T]here is no cause of action in California for unjust enrichment.") (citation omitted); *Berry v. Bryan Cave LLP*, No. 3:08-cv-2035-B, 2010 WL 1904885, at *8 (N.D. Tex. May 11, 2010) ("unjust enrichment is not a cause of action in California").

<u>Georgia</u>: *Sheet Metal*, 737 F. Supp. 2d at 433 (there is no cause of action for unjust enrichment in Georgia).

<u>Illinois</u>: *Sheet Metal*, 737 F. Supp. 2d at 435 (no unjust enrichment in Illinois); *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 928 ("Unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery.").

Mississippi: *Cole v. Chevron USA, Inc.*, 554 F. Supp. 2d 655, 671, 674 (S.D. Miss. 2007) (dismissing unjust enrichment claims because "[u]nder Mississippi law, unjust enrichment is not an independent theory of recovery") (citing *Estate of Johnson v. Adkins*, 513 So. 2d 922, 926 (Miss. 1987)); *Coleman v. Conseco, Inc.*, 238 F. Supp. 2d 804, 813 (S.D. Miss. 2002).

EPPs' claims in California, Georgia, Illinois, and Mississippi therefore must be dismissed for this reason alone.

### B. EPPs' Undifferentiated Assertion of Unjust Enrichment Claims Entirely Fails

EPPs purport to assert unjust enrichment "under the laws of the District of Columbia, Puerto Rico, and all states within the United States, except Indiana and Ohio." *See* EPP Compl. ¶ 284. But EPPs make no attempt to parse the elements of any particular state's common law of unjust enrichment. As discussed, several states do not even recognize the doctrine at all.

Federal courts routinely dismiss undifferentiated state law unjust enrichment claims such as EPPs' unjust enrichment count. *See, e.g.*, *Wellbutrin*, 260 F.R.D. at 167 (dismissing indirect purchasers' claims as "cobbling together the elements of a claim of unjust enrichment from the laws of the fifty states is no different from applying federal common law," and noting there is no federal "general" common law applicable to all states and jurisdictions); *DIPF*, 2013 WL 5503308, at *8 (dismissing indirect purchasers' unjust enrichment claims for failure to specify the particular state law under which they intended to proceed); *Refrigerant Compressors*, 2013 WL 1431756, at *23-24 (dismissing with prejudice because "[s]tate law requirements under unjust enrichment law vary widely" and the court could not "determine if [plaintiffs had] sufficiently pleaded an unjust enrichment claim under any state's laws"). EPPs' unjust enrichment claim therefore should be dismissed outright.

Even if EPPs purport to allege separate unjust enrichment claims under each state (other than Indiana and Ohio), the District of Columbia, and Puerto Rico, such vague pleading is

impermissible under the Federal Rules. *Iqbal*, 556 U.S. at 678 ("Naked assertion[s]," "threadbare recitals of the elements of a cause of action," and "mere conclusory statements" are insufficient to survive dismissal); *Aluminum Warehousing*, 2014 WL 4277510, at *38.

**C.  EPPs Fail to Allege the Quasi-Contractual Relationship Fundamental to an Unjust Enrichment Claim**

Although every state's unjust enrichment law is different, none operates as a general catch-all replacement for antitrust claims, as EPPs imply here. *See, e.g.*, *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (N.Y. 2012) ("[U]njust enrichment is not a catchall cause of action to be used when others fail."); *Casstevens v. Smith*, 269 S.W.3d 222, 229 (Tex. App. 2008) ("Ultimately, unjust enrichment is not a proper remedy 'merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant, or because the benefits to the person sought to be charged amount to a windfall.'") (citations omitted).  Rather, unjust enrichment is a quasi-contract theory designed to address those situations in which one party to a transaction receives a benefit, another party to the transaction suffers a detriment, and no contract governs. *See, e.g.*, *Thimjon Farms P'ship v. First Int'l Bank & Trust*, 837 N.W.2d 327, 336 (N.D. 2013) (noting that unjust enrichment "rests upon quasi or constructive contracts," and dismissing claim because defendant was a "legal stranger" to plaintiffs and "the connection between [defendant's] 'enrichment' and [plaintiffs'] 'impoverishment' [was] lacking"); *see also Union Tel. Co. v. Qwest Corp.*, 495 F.3d 1187, 1197 (10th Cir. 2007) ("Under Wyoming law, unjust enrichment, or quantum meruit, is an equitable doctrine that 'implies a contract so that one party may recover damages from another.'") (citations omitted); *Kelly v. Levandoski*, 825 N.E. 2d 850, 860-61 (Ind. Ct. App. 2005) (noting that "unjust enrichment, which is also called quantum meruit, contract implied-in-law, constructive contract, or quasi contract" is meant for situations "where in fact there is no true

contract, but where, to avoid unjust enrichment, the courts permit recovery of the value of the services rendered just as if there had been a true contract").  EPPs make no attempt to allege plausible facts that would establish these elements.  Nor could they, as Defendants do not form a quasi-contract with the entire world each time they sell a unit of the product.  EPPs admit that they had no contractual relationship with Defendants, alleging that they purchased "Celebrex indirectly from Pfizer."  EPP Compl. ¶ 255.  Rather, EPPs' claims are based on the allegations that Defendants allegedly violated the antitrust laws by engaging in anticompetitive conduct before the PTO and a federal court that impacted the market generally – conduct that comes nowhere close to the type of quasi-contract circumstances contemplated by unjust enrichment.  EPPs' attempt to base their unjust enrichment claims on what is in essence alleged antitrust misconduct fails on this basis.  All of their claims should be dismissed for this reason.

Further, 25 jurisdictions require a specific relationship between the quasi-contractual parties.[14]  EPPs fail to allege facts meeting these requirements in those states, which fall into two categories: (1) states that require privity (or something approaching it) between the quasi-contractual parties and (2) states that require the direct (rather than indirect) provision of a quasi-contractual benefit from plaintiff to defendant.

### 1. EPPs Fail to Allege Privity Or Something Approaching It In Those States That Require It

EPPs have ignored entirely the requirement under the unjust enrichment laws of <u>Idaho</u>, <u>Illinois</u>, <u>Kansas</u>, <u>New York</u>, and <u>South Carolina</u> of a defined relationship between the plaintiff

---

[14] Alabama, Arizona, District of Columbia, Florida, Georgia, Idaho, Illinois, Kansas, Maine, Maryland, Massachusetts, Michigan, New Jersey, New York, North Carolina, North Dakota, Pennsylvania, Rhode Island, South Carolina, Texas, Utah, Washington, West Virginia, Wisconsin, and Wyoming.

and defendant, or something approximating privity.  No such relationship is or plausibly can be alleged by EPPs here.

In Idaho, a plaintiff asserting unjust enrichment must allege (i) the existence of a "cognizable legal relationship" between the parties or (ii) that the plaintiff held some property interest in the benefit defendant received.  *Hayden Lake Fire Prot. Dist. v. Alcorn*, 111 P.3d 73, 91 (Idaho 2005), *overruled on other grounds by Farber v. Idaho State Ins. Fund*, 272 P.3d 467, 473 (Idaho 2012);  *Beco Constr. Co. v. Bannock Paving Co.*, 797 P.2d 863, 865-66 (Idaho 1990) (affirming summary judgment where district court held that "Idaho law fails to recognize a cause of action of fraud or unjust enrichment where the alleged injured party has no relationship with the alleged injury party" (internal quotation marks omitted)).  EPPs allege neither here.

Illinois requires that the defendant owe a special duty to the plaintiffs, which EPPs have not pled and cannot plead here.  *Martis*, 905 N.E.2d at  928 ("[T]here must be an independent basis that establishes a duty on the part of the defendant to act and the defendant must have failed to abide by that duty.") (citing *Lewis v. Lead Indus. Ass'n, Inc.*, 793 N.E.2d 869, 877 (Ill. App. Ct. 2003)).

In Kansas, to prevail on a claim of unjust enrichment, a plaintiff must plead and prove that it is in privity with the defendant unless certain "special circumstances" exist, such as misconduct perpetrated directly by the defendant against the plaintiff.  *See Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 910 P.2d 839, 847 (Kan. 1996) (privity required absent "special circumstances" such as fraud or other misconduct perpetrated directly against the plaintiff); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819 CW, 2010 WL 5094289, at *6 (N.D. Cal. Dec. 8, 2010) (dismissing indirect purchaser plaintiffs' unjust enrichment claims under Kansas law for failure to plead privity or special circumstances).

EPPs do not and cannot allege that they are in privity with Defendants, nor that any of the special circumstances required by Kansas law exist.

Under <u>New York</u> law, an unjust enrichment claim cannot stand where the relationship between the plaintiff and defendant is "attenuated" at best, as it is here. *Carmona v. Spanish Broad. Sys., Inc.*, No. 08 Civ. 4475(LAK), 2009 WL 890054, at *6 & n.49 (S.D.N.Y. Mar. 30, 2009) (dismissing claim where plaintiff "failed to allege any direct dealings, or an actual, substantive relationship"); *Reading Int'l, Inc. v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301, 333-34 (S.D.N.Y. 2003) (dismissing claim where "[p]laintiffs have not alleged that they had a contractual or quasi-contractual relationship with defendants, and in fact have alleged no prior course of business dealings with defendants whatsoever"); *Sheet Metal*, 737 F. Supp. 2d at 441 ("New York courts have required a direct relationship – short of privity of contract but stronger than that between a manufacturer and a consumer along the chain of commerce . . . ."); *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 263 F.R.D. 205, 216 (E.D. Pa. 2009) ("[T]he endpayor – whether a consumer using the drug or a welfare benefit plan paying benefits for its members – has no relationship with [defendant drug manufacturer] because it 'purchases' the drug not from [defendant] but from a 'direct purchaser,' such as a national drug wholesaler.").

And in <u>South Carolina</u>, "the plaintiff must establish the existence of a duty owed to him or her by the defendant," but EPPs make no attempt to identify any such duty owed in this case. *Microsoft*, 401 F. Supp. 2d at 464; *Pitts v. Jackson Nat'l Life Ins. Co.*, 574 S.E.2d 502, 511-12 (S.C. Ct. App. 2002) (holding that absence of "legal duty" to plaintiff was "fatal" to unjust enrichment claim).

EPPs fail to meet each of these requirements.  Thus, their unjust enrichment claims in Idaho, Illinois, Kansas, New York, and South Carolina must be dismissed.

> **2. EPPs Fail to Allege a Relationship with Defendants Leading to a Direct Benefit, Which is Required in at least 23 States and the District of Columbia**

Similarly, 23 states and the District of Columbia require an unjust enrichment plaintiff to show that it has a direct relationship with the defendant and that the plaintiff has conferred upon the defendant a "direct benefit" for which restitution must be provided.  The *indirect* benefit of revenue from the *indirect* purchase of a drug product will not suffice.  *See, e.g.*, *Refrigerant Compressors*, 2013 WL 1431756, at *25-26 (dismissing unjust enrichment claims after accepting defendants' assertion that "[c]ourts in several states have held that Plaintiffs who allege that they purchased an allegedly price-fixed product indirectly, *i.e.*, not from Defendants, cannot meet [the direct benefit] test"); *Potash*, 667 F. Supp. 2d at 948 (finding that indirect purchasers alleging overpayment would not support unjust enrichment claim in several states), *vacated other grounds by Minn-Chem, Inc. v. Agrium Inc.*, 657 F.3d 650 (7th Cir. 2011).

At least 24 jurisdictions – the following 23 states and the District of Columbia – have decisional law expressly holding that a "direct benefit" is required for unjust enrichment:

| Direct Benefit Required | |
| --- | --- |
| Alabama | *Danny Lynn Elec. & Plumbing, LLC v. Veolia ES Solid Waste Se., Inc.*, No. 2:09-cv-192-MHT, 2011 WL 2893629, at *6 (M.D. Ala. July 19, 2011). |
| Arizona | *Refrigerant Compressors*, 2013 WL 1431756, at *25-26. |
| District of Columbia | *Refrigerant Compressors*, 2013 WL 1431756, at *25-26; *Minebea Co., v. Papst*, 444 F. Supp. 2d 68, 186 (D.D.C. 2006). |

| Direct Benefit Required | |
|---|---|
| Florida | *Refrigerant Compressors*, 2013 WL 1431756, at *25-26; *Sheet Metal*, 737 F. Supp. 2d at 433; *Potash*, 667 F. Supp. 2d at 948; *Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. Dist. Ct. App. 2009). |
| Georgia | *Brenner v. Future Graphics, LLC*, 258 F.R.D. 561, 576 (N.D. Ga. 2007); *Scott v. Mamari Corp.*, 530 S.E.2d 208, 212 (Ga. Ct. App. 2000). |
| Idaho | *Hayden Lake*, 111 P.3d at 91-92; *Beco Constr.*, 797 P.2d at 867-68; *Sheet Metal*, 737 F. Supp. 2d at 433 & n.26. |
| Kansas | *Spires v. Hosp. Corp. of Am.*, 289 F. App'x 269, 273 (10th Cir. 2008); *Refrigerant Compressors*, 2013 WL 1431756, at *25-26; *Haz-Mat Response*, 910 P.2d at 847; *Potash*, 667 F. Supp. 2d at 948. |
| Maine | *Refrigerant Compressors*, 2013 WL 1431756, at *25-26; *Glenwood Farms, Inc. v. Ivey*, 228 F.R.D. 47, 52 (D. Me. 2005); *Rivers v. Amato*, No. CIV. A. CV-00-131, 2001 WL 1736498, at *4 (Me. Super. Ct. Jun. 22, 2001). |
| Maryland | *Bassi & Bellotti S.p.A. v. Transcon. Granite, Inc.*, No. DKC 08-1309, 2011 WL 856366, at *11 (D. Md. Mar. 9, 2011); *In re Bacx Corp.*, No. 96-59066-JFS, 1999 WL 33955337, at *3 (D. Md. Sept. 8, 1999); *Crosby v. Crosby*, 769 F. Supp. 197, 200-01 (D. Md. 1991). |
| Massachusetts | *Refrigerant Compressors*, 2013 WL 1431756, at *25-26; *Taylor Woodrow Blitman Constr. Corp. v. Southfields Gardens Co.*, 534 F. Supp. 340, 347 (D. Mass. 1982). |
| Michigan | *Refrigerant Compressors*, 2013 WL 1431756, at *25-26; *Potash*, 667 F. Supp. 2d at 948; *City of Pontiac v. Blue Cross Blue Shield of Mich.*, No. 11-10276, 2012 WL 1079885, at *8 (E.D. Mich. Mar. 30, 2012); *Martell v. Turcheck*, No. 2:07-cv-14068, 2008 WL 2714210, at *11 (E.D. Mich. July 7, 2008); *A & M Supply Co. v. Microsoft Corp.*, No. 274164, 2008 WL 540883, at *2 (Mich. Ct. App. Feb. 28, 2008); *New Dimension Dev., Inc. v. Orchard, Hiltz & McCliment, Inc.*, No. 262565, 2005 WL 2806234, at *6 (Mich. Ct. App. Oct. 27, 2005). |
| New Jersey | *In re Rezulin Prods. Liab. Litig.*, 390 F. Supp. 2d 319, 342-43 (S.D.N.Y. 2005); *Fasching v. Kallinger*, 510 A.2d 694, 699-700 (N.J. Super. Ct. App. Div. 1986); *Hoffman v. Nordic Naturals, Inc.*, No. 12-CV-05870 SDW MCA, 2014 WL 1515602, at *6 (D.N.J. Apr. 17, 2014). |

| **Direct Benefit Required** | |
|---|---|
| New York | *Refrigerant Compressors*, 2013 WL 1431756, at *25-26; *Sheet Metal*, 737 F. Supp. 2d at 432-33, 441; *State v. Daicel Chem. Indus., Ltd.*, 840 N.Y.S.2d 8, 12 (N.Y. App. Div. 2007); *Sperry v. Crompton Corp.*, 26 A.D.3d 488, 489 (N.Y. App. Div. 2006). |
| North Carolina | *Baker Constr. Co. v. City of Burlington*, No. COA09-13, 2009 WL 3350747, at *6 (N.C. Ct. App. Oct. 20, 2009); *Effler v. Pyles*, 380 S.E.2d 149, 152 (N.C. Ct. App. 1989). |
| North Dakota | *Relafen*, 225 F.R.D. at 280; *Ritter, Laber & Assocs., Inc. v. Koch Oil, Inc.*, 680 N.W.2d 634, 642-43 (N.D. 2004); *Apache Corp. v. MDU Res. Grp., Inc.*, 603 N.W.2d 891, 895 (N.D. 1999); *TFT-LCD*, 599 F. Supp. 2d at 1190-91. |
| Pennsylvania | *Stutzle*, 2003 WL 22250424, at *1-2. |
| Rhode Island | *Refrigerant Compressors*, 2013 WL 1431756, at *25-26; *Alessi v. Bowen Ct. Condo. Assoc.*, No. 03-0235, 2010 R.I. Super. LEXIS 50, at *13 (R.I. Mar. 10, 2010); *R & B Elec. Co. v. Amco Constr. Co.*, 471 A.2d 1351, 1355-56 (R.I. 1984). |
| South Carolina | *Microsoft*, 401 F. Supp. 2d at 464; *Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*, 532 S.E.2d 868, 872-73 (S.C. 2000); *Pitts*, 574 S.E.2d at 511-12. |
| Texas | *State v. Am. Tobacco Co.*, 14 F. Supp. 2d 956, 972 (E.D. Tex. 1997). |
| Utah | *Concrete Prods. Co. v. Salt Lake Co.*, 734 P.2d 910, 911-12 (Utah 1987); *In re Aftermarket Filters Antitrust Litig.*, No. 08 C 4883, 2010 WL 1416259, at *2 (N.D. Ill. Apr. 1, 2010). |
| Washington | *Keil v. Scholten*, No. 48051-1-I, 2002 WL 988562, at *5 (Wash. Ct. App. Feb. 4, 2002). |
| West Virginia | *Refrigerant Compressors*, 2013 WL 1431756, at *25-26; *Johnson v. Ross*, 419 F. App'x 357, 361-62 (4th Cir. 2011) (noting that the availability of an unjust enrichment claim without a direct benefit is unclear under West Virginia law). |
| Wisconsin | *Refrigerant Compressors*, 2013 WL 1431756, at *25-26. |
| Wyoming | *Boyce v. Freeman*, 39 P.3d 1062, 1065-66 (Wyo. 2002). |

EPPs have not alleged that Defendants received any direct benefit from EPPs, and their unjust enrichment claims in these states therefore must be dismissed.

## CONCLUSION

The Court must exercise its gatekeeper role to dismiss those claims that are legally deficient at this stage to prevent unnecessary pretrial expense and the waste of judicial resources. For the foregoing reasons, Pfizer respectfully requests that the EPP Complaint be dismissed.

Dated:  March 2, 2015

Respectfully submitted,

*/s/Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
Mark E. Warmbier
Virginia State Bar No. 77993
**KAUFMAN & CANOLES, P.C.**
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com
mewarmbier@kaufcan.com

Dimitrios T. Drivas (*pro hac vice*)
Robert A. Milne (*pro hac vice*)
Brendan G. Woodard (*pro hac vice*)
Raj S. Gandesha (*pro hac vice*)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
212-819-8200

*Attorneys for Defendants*
*Pfizer Inc., G.D. Searle LLC, and Pfizer Asia*
*Pacific PTE, Ltd.*

## CERTIFICATE OF SERVICE

On March 2, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically e-mail notification of such filing to the following counsel of record:

| | |
|---|---|
| Kenneth A. Wexler<br>Amy E. Keller<br>Dawn M. Goulet<br>Justin N. Boley<br>Kara Elgersma<br>**WEXLER WALLACE LLP**<br>55 West Monroe Street, Suite 3300<br>Chicago, IL 60603<br>Tel: (312) 346-2222<br>Fax: (312) 346-0022<br>kaw@wexlerwallace.com<br>aek@wexlerwallace.com<br>dmg@wexlerwallace.com<br>jnb@wexlerwallace.com<br>kae@wexlerwallace.com | Jonathan D. Karmel<br>**KARMEL LAW FIRM**<br>221 N. LaSalle Street, Suite 1307<br>Chicago, IL 60601<br>Tel: (312) 641-2910<br>jon@karmellawfirm.com<br><br>Wyatt B. Durrette, Jr., VSB No. 04719<br>J. Buckley Warden IV, VSB No. 79183<br>**DURRETTECRUMP PLC**<br>1111 East Main Street, 16th Floor<br>Richmond, VA 23219<br>(804) 775-6900<br>(804) 775-6911 (fax)<br>wdurrette@durrettecrump.com<br>bwarden@durrettecrump.com |
| *Counsel for End-Payor Plaintiff United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund and the Proposed End-Payor Class* | |
| Jeffrey L. Kodroff<br>John A. Macoretta<br>**SPECTOR, ROSEMAN, KODROFF & WILLIS, P.C.**<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>Tel: (215) 496-0300<br>Fax: (215) 496-6611<br>jkodroff@srkw-law.com<br>jmacoretta@srkw-law.com | Karen Hanson Riebel<br>Heidi M. Silton<br>**LOCKRIDGE GRINDAL NAUEN PLLP**<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401<br>Tel: (612) 339-6900<br>Fax: (612) 339-0981<br>khriebel@locklaw.com<br>hmsilton@locklaw.com |
| Wyatt B. Durrette, Jr., VSB No. 04719<br>J. Buckley Warden IV, VSB No. 79183<br>**DURRETTECRUMP PLC** | |

| | |
|---|---|
| 1111 East Main Street, 16th Floor<br>Richmond, VA 23219<br>(804) 775-6900<br>(804) 775-6911 (fax)<br>wdurrette@durrettecrump.com<br>bwarden@durrettecrump.com | |

*Counsel for End-Payor Plaintiff International Union of Operating Engineers Local 49 Health and Welfare Fund and the Proposed End-Payor Class*

| | |
|---|---|
| Daniel E. Gustafson<br>Jason S. Kilene<br>**GUSTAFSON GLUEK**<br>120 South Sixth Street, Suite 2600<br>Minneapolis, MN 55402<br>Tel: (612) 333-8844<br>Fax: (612) 339-6622<br>dgustafson@gustafsongluek.com<br>jkilene@gustafsongluek.com<br><br>Wyatt B. Durrette, Jr., VSB No. 04719<br>J. Buckley Warden IV, VSB No. 79183<br>**DURRETTECRUMP PLC**<br>1111 East Main Street, 16th Floor<br>Richmond, VA 23219<br>(804) 775-6900<br>(804) 775-6911 (fax)<br>wdurrette@durrettecrump.com<br>bwarden@durrettecrump.com<br><br><br>*Counsel for End-Payor Plaintiffs Wisconsin Masons' Health Care Fund and Ironworkers Local 383 Health Care Plan and the Proposed End-Payor Class* | Jeffrey L. Kodroff<br>John A. Macoretta<br>**SPECTOR, ROSEMAN, KODROFF & WILLIS, P.C.**<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>Tel: (215) 496-0300<br>Fax: (215) 496-6611<br>jkodroff@srkw-law.com<br>jmacoretta@srkw-law.com<br><br>Wyatt B. Durrette, Jr., VSB No. 04719<br>J. Buckley Warden IV, VSB No. 79183<br>**DURRETTECRUMP PLC**<br>1111 East Main Street, 16th Floor<br>Richmond, VA 23219<br>(804) 775-6900<br>(804) 775-6911 (fax)<br>wdurrette@durrettecrump.com<br>bwarden@durrettecrump.com<br><br>*Counsel for End-Payor Plaintiff AFSCME Health and Welfare Fund and the Proposed End-Payor Class* |
| Jayne A. Goldstein<br>**POMERANTZ LLP**<br>1792 Bell Tower Lane, Suite 203<br>Weston, FL 33326 | Wyatt B. Durrette, Jr., VSB No. 04719<br>Barrett Erskine Pope<br>**DURRETTECRUMP PLC**<br>1111 East Main Street, 16th Floor |

| | |
|---|---|
| Tel: (954) 315-3454<br>Fax: (954) 315-3455<br>jagoldstein@pomlaw.com | Richmond, VA 23219<br>(804) 775-6900<br>(804) 775-6911 (fax)<br>wdurrette@durrettecrump.com |

*Counsel for End-Payor Plaintiff Barbara Stanley and the Proposed End-Payor Class*

| | |
|---|---|
| Bernard J. DiMuro<br>**DIMUROGINSBERG, P.C.**<br>1101 King Street, Suite 610<br>Alexandria, VA 22314<br>Tel: (703) 684-4333<br>Fax: (703) 548-3181<br>bdimuro@dimuro.com | William H. Narwold<br>Donald A. Migliori<br>Michael M. Buchman<br>John A. Ioannou<br>Alex R. Straus<br>**MOTLEY RICE LLC**<br>600 Third Avenue, Suite 2101<br>New York, NY 10016<br>Tel: (212) 577-0040<br>Fax: (212) 577-0054<br>bnarwold@motleyrice.com<br>dmigliori@motleyrice.com<br>mbuchman@motleyrice.com<br>jioannou@motleyrice.com<br>astraus@motleyrice.com |

*Counsel for End-Payor Plaintiff A.F. of L. – A.G.C. Building Trades Welfare Plan and the Proposed End-Payor Class*

| | |
|---|---|
| Susan R. Podolsky<br>**LAW OFFICE OF SUSAN R. PODOLSKY**<br>1800 Diagonal Road, Suite 600<br>Alexandria, VA 22314<br>Tel: (571) 366-1702<br>Fax: (703) 647-6009<br>spodolsky@podolskylaw.com | Gregory S. Asciolla<br>Matthew J. Perez<br>**LABATON SUCHAROW LLP**<br>140 Broadway<br>New York, NY 10005<br>Tel: (212) 907-0700<br>Fax: (212) 818-0477<br>gasciolla@labaton.com<br>ebelfi@labaton.com<br>mdemato@labaton.com<br>mperez@labaton.com |

*Counsel for End-Payor Plaintiff International Association of Heat and Frost Insulators and Asbestos Workers Local #6 Health and Welfare Fund and the Proposed End-Payor Class*

| | |
|---|---|
| Wyatt B. Durrette, Jr.<br>Brittany Joy Falabella<br>**DURRETTECRUMP PLC**<br>1111 East Main Street, 16th Floor<br>Richmond, VA 23219<br>(804) 775-6900<br>(804) 775-6911 (fax)<br>wdurrette@durrettecrump.com<br>bfalabella@durrettecrump.com | Joshua Seth Devore<br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br>1100 New York Ave NW<br>Suite 500, West Tower<br>Washington, DC 20005<br>(202) 408-4600<br>(202) 408-4699<br>jdevore@cohenmilstein.com |
| *Counsel for End-Payor Plaintiff Central Pennsylvania and Regional Health and Welfare Fund and the Proposed End-Payor Class* | *Counsel for End-Payor Plaintiff Int'l Union of Operating Eng'rs, Local 138 Welfare Fund and the Proposed End-Payor Class* |

*/s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
Mark E. Warmbier
Virginia State Bar No. 77993
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com
mewarmbier@kaufcan.com